IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHANCE RYAN,

                      Petitioner,

v.

WARDEN E. EMMERICH and THE BOP,[1]

                      Respondents.

OPINION and ORDER

25-cv-248-jdp

---

Chance Ryan, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241, challenging a prison disciplinary hearing in which the Bureau of Prisons stripped him of 41 days of good-conduct time. I directed the government to respond to the petition. Dkt. 3. After considering the parties' submissions, I will deny Ryan's petition.

BACKGROUND

In 2019, Ryan was convicted of possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine; he was sentenced to 120 months of prison followed by eight years of supervised release. *United States v. Ryan*, No. 19-cr-207 (S.D. Ind. Dec. 9, 2019).

On October 11, 2024, Ryan was issued an incident report for possessing a hazardous tool—a contraband "stinger," a device used to heat water or cook food. Ryan was charged with

---

[1] At the time that Ryan filed this petition, he was incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. Ryan is now in prelease custody outside this district, but this court retains jurisdiction over the case. *See In re Hall*, 988 F.3d 376, 377 (7th Cir. 2021) ("[A] prisoner's transfer from one federal facility to another during the pendency of a habeas corpus proceeding does not affect the original district court's jurisdiction.").

possessing the stinger during his shift working on an electrical crew at FCI-Oxford. Officer Brosch stated that she saw the stinger—fashioned from two rusted steel plates and an electrical cord with a plug—in a tool bag that was on a cart used by the electrical crew. In an interview, Ryan stated that "'the plates were not stinger plates, another inmate admitted to giving it to us, why would a gate pass inmate lie, I didn't know it was there.'" Dkt. 8-4, at 4.

A disciplinary hearing was set. Ryan signed a form stating that he wished to have a staff member represent him at the hearing and that he wanted to have fellow inmate Eric White testify as a witness (White was not working on the electrical crew). The hearing was held before Discipline Hearing Officer L. Russell.

Ryan provided a written statement that he and his coworkers were checked before they entered the unit, one of coworkers was in the hall watching the cart, he had "no idea" why the stinger was on top of his tool bag, and the stinger "wasn't there a moment before" the officer approached the cart. Dkt. 8-10, at 2. Ryan also testified at the hearing, stating that when he turned around, the stinger was sitting on the tool bag. He stated that he was responsible for the tool bag. Ryan submitted a written statement by White, who stated that he placed the stinger in the tool bag because it was a safety hazard and that he was "sorry that [he] did not take [the stinger] to staff this will not happen again." Dkt. 8-11, at 2. Ryan's staff representative argued that White admitted to placing the stinger on the cart.

Russell issued a decision concluding, "The DHO considered that the inmates that are part of any work detail are responsible for their tools and equipment and any contraband that may or may not be found. If contraband is discovered by the inmate, it should be taken to the nearest staff member." Dkt. 8-7, at 4. Russell found Ryan guilty of possessing the stinger and imposed various sanctions, including the loss of 41 days of good-time credit.

ANALYSIS

Ryan contends that his due process rights were violated because hearing officer Russell (1) was biased in favor of the officer who accused Ryan of the infraction; (2) unfairly disregarded another inmate's confession to placing the stinger in his bag; and (3) convicted him without "some evidence" of the infraction.

Due process protections apply only when a protected liberty or property interest is at stake. *See Abcarian v. McDonald*, 617 F.3d 931, 941 (7th Cir. 2010). Ryan has a protected liberty interest in the good-time credits that he earned. *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011). When a prisoner loses good-time credits, courts have held that a prisoner is entitled to: (1) written notice of the claimed violation at least 24 hours before the hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision maker; (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action; and (4) a decision supported by "some evidence." *Id.*; *see also Wolff v. McDonnell*, 418 U.S. 539, 563–69 (1974).

Ryan contends that hearing officer Russell was biased against him because he credited his coworker Brosch's testimony over his own testimony. Ryan adds that "[m]ost probably than not, [Russell and Brosch] as co-workers from the same facility share table at the Officers' Dining-hall, [and] may attend parties such as birthdays, or institution's celebrations." Dkt. 1, at 12–13. But hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). The mere fact that the hearing officer and the complaining officer are coworkers isn't nearly enough to show that the hearing officer is biased against a prisoner. And Ryan's belief that they likely attend parties together is speculation that isn't a basis to grant him relief. *See Barry v. United*

3

*States*, 528 F.2d 1094, 1102 (7th Cir. 1976) (habeas petitioner not entitled to hearing on allegations "essentially predicated on conjecture and speculation"). In any event, the disciplinary conviction didn't depend on the hearing officer crediting Brosch over Ryan on a disputed fact. Ryan agreed with Brosch that the stinger was found in or on a work bag for which Ryan admitted he was responsible. The question of how the stinger got there isn't something that Brosch had knowledge of. Ryan isn't entitled to habeas relief on this ground.

Ryan also contends that hearing officer Russell unfairly refused to admit White's confession to placing the stinger in Ryan's bag. Ryan suggests that Russell rejected White's confession as untimely because White gave that statement more than 24 hours after staff became aware of the incident, and by that point, under BOP policy White couldn't be charged with the violation himself.

This argument fails because Russell did not refuse to admit White's confession. Russell's report shows that Russell considered White's statement but discounted it given the motivation an inmate would have to accept responsibility for another inmate's infraction after the time for charging the confessing inmate had passed. Russell stated, "The DHO considered that inmate White . . . did not come forward until after the fact and thus could not be given an incident report for the incident in question." Dkt. 8-7, at 4. This was a garden-variety credibility determination by Russell, not a due process violation.

Ryan also argues that White should have testified in person rather than by written statement; Russell did not call White to testify in person because Russell believed that any in-person testimony would have only duplicated White's written statement. When an inmate requests to call a witness at a disciplinary hearing, he is presumptively entitled to present the witness's live testimony as opposed to a written statement. *See Whitlock v. Johnson*, 153 F.3d

380, 388 (7th Cir. 1998). But even if a hearing officer erroneously refuses live testimony, the error is harmless if the petitioner fails to show prejudice. *See Jones*, 637 F.3d 841, 846–47 (7th Cir. 2011). Russell's reasoning was brief, but I infer there were three reasons for the finding of guilt: (1) White wasn't credible because he confessed only after the time for him to be punished had passed; (2) even if White did place the stinger in Ryan's tool bag, Ryan was ultimately responsible for failing to turn it in; and (3) Russell didn't believe Ryan's account that he was unaware of the stinger being in his tool bag. Even assuming that live testimony from White could have affected the credibility determination, Ryan doesn't explain how that could have changed Russell's determination that Ryan should have turned in the contraband. Ryan also argues that Russell should have obtained video evidence from the unit, but Russell explained that cameras wouldn't have picked up the incident. Ryan isn't entitled to habeas relief on this ground.

That leaves the question whether there was "some evidence" of Ryan's guilt. "Some evidence" is a "lenient standard requiring no more than a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000), as amended, (Aug. 18, 2000) (internal citation and quotation marks omitted). "Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* (citation and internal quotation marks omitted). Evaluating whether some evidence supports a disciplinary decision "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455–56 (1985).

5

I conclude that there was some evidence that Ryan possessed the stinger, because the stinger was in Ryan's tool bag. Courts have routinely held that discovery of contraband in an area that an inmate is responsible for is enough evidence to support a disciplinary infraction even if other inmates had access to that area. *See, e.g., Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992); *Denny v. Schultz*, 708 F.3d 140, 145–46 (3d Cir. 2013) (collecting cases). Ryan argues that he never actually possessed the stinger because White placed it in his tool bag and he never became aware that it was in the bag. The some-evidence standard would not be met if the evidence conclusively showed that White placed the stinger in Ryan's bag before Ryan ever had a chance to become aware of it. But the evidence here did not conclusively show that; there was at least some evidence that even if White placed the stinger in the bag, Ryan had time to discover it yet failed to report it. Accordingly, Ryan's due process right to have some evidence supporting his disciplinary conviction was not violated. I will deny Ryan's petition for writ of habeas corpus.

ORDER

IT IS ORDERED that:

1. Petitioner Chance Ryan's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2. The clerk of court is directed to enter judgment and close this case.

Entered October 27, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge